98  517
s112  330

## MARTIN KALLANDER AND ALFRED JOHNSON v. CHARLES NEIDHOLD ET AL.

### *Judgment—Payment—Injunction.*

Where the maker of a note, upon which a judgment has been rendered, deposits the amount of the judgment in a bank, and the attorney for the judgment creditors accepts the maker's check on the bank for the amount of the deposit in satisfaction and payment of the judgment, and surrenders the note, and then notifies the original payee, who is the real owner of the judgment, and who holds a dishonored check given by the maker on the same bank for nearly the amount of the deposit, and he presents said check, and it is paid from the deposit, the sureties on the note, against whom the judgment was also rendered, may file a bill to enjoin its assignment or enforcement in advance of any attempt in that direction, and the court has jurisdiction to grant such injunctive relief, and declare the judgment paid and satisfied.

Appeal from Gogebic. (Haire, J.) Submitted on briefs January 3, 1894. Decided January 26, 1894.

Bill to restrain the defendants from assigning a certain judgment, or from enforcing its payment. Complainants

appeal.   Decree reversed.   The facts are stated in the
opinion.

*Button & Norris,* for complainants.

*C. E. Miller,* for defendants.

GRANT, J.   Complainants were sureties on a promissory
note of $200, executed by defendant Ehrmanntraut to
defendant Nast.   Nast transferred the note to defendants
Charles and Edward Neidhold.   The Neidholds brought
suit upon it before a justice of the peace, and recovered
judgment for $216.   Defendant Miller was the attorney for
the Neidholds in that suit.   Complainants allege on informa-
tion and belief that the note was transferred to the Neid-
holds by Nast without the payment of any consideration;
that the sole purpose of the transfer was to prevent the
name of Nast from appearing as plaintiff; and that Nast
is the real party in interest.   Ehrmanntraut subsequently
deposited $216 in the First National Bank of Bessemer for
the purpose of paying this judgment, and gave Miller a
check for that amount in payment thereof.   Miller accepted
the check in satisfaction and payment of the judgment,
and delivered the note to Ehrmanntraut.   Ehrmanntraut
had previously given to Nast a check for $200 on said
bank in payment of another indebtedness which he owed
him.   The check was presented at the bank, and was dis-
honored.   Miller informed Nast that Ehrmanntraut had
$216 on deposit in the bank, and that he had given him
a check for that amount in payment of the judgment.
Nast thereupon went to the bank and presented his dis-
honored check, which the bank paid.   It is alleged that
this was done by collusion between Miller and Nast for the
purpose of securing the payment of the dishonored check,
and that this was a fraud against complainants, who are
pecuniarily responsible for the amount of the judgment.

Miller subsequently presented his check for payment, which was refused for want of funds in the bank. The above are the material allegations of the bill of complaint. The claim of the complainants is that the judgment was paid, and they pray that defendants may be enjoined from transferring or assigning said judgment, and from attempting to enforce the payment thereof.

The defendants interposed a general demurrer for want of equity, which was sustained.

The rule that an agent to collect for his principal is not authorized to take anything but money in payment will not avail the defendants under the case made by the bill. If Miller was the duly-authorized agent to collect this judgment, and he received the check knowing that the money was in the bank to pay it, and notified his principal, it was his duty to present it; and, if Nast was the real owner of the judgment, it was not in his power to divert the money from the payment of the debt to which Ehrmanntraut directed it should be applied.

Complainants have not an adequate remedy at law. A judgment stands against them undischarged upon the record. Execution may at any time issue, or a transcript of the judgment be taken into the circuit court. A long silence, with knowledge of the facts, might estop them from taking advantage of the fraud, and be construed into a ratification of the appropriation of the money. It is apparent that the defendants the Neidholds, Nast, and Miller do not regard the judgment as paid, but, on the contrary, that they regard it as valid and subsisting. Complainants are not required to wait until the plaintiffs in the suit take steps to enforce their judgment. A court of equity has jurisdiction to declare the judgment paid, and to restrain the defendants from taking any steps to enforce it.

The decree must be reversed, with costs, the demurrer overruled, and the case remanded, with permission to.

defendants to answer according to the rules and practice of the court.

The other Justices concurred.